# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ID No. 0909018475A & B |
| | ) | |
| MICHAEL WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 7, 2016
Decided: December 20, 2016

Upon Defendant's Motion for Reargument
**DENIED.**

## ORDER

Karin M. Volker, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington DE 19801, Attorney for the State.

Andrew J. Witherell, Esquire, 100 East 14th Street, Wilmington, DE 19801, Attorney for the Defendant.

Michael Washington, *pro se,* Smyrna, DE 19977.

**WHARTON, J.**

This 20th day of December, 2016, upon consideration of Defendant Michael Washington's ("Washington") "Motion Staleing (sic) the Proceedings Requesting that Judge Ferris Wharton Amend the Record of Commissioner Bradley V. Manning and his Ruling/Order of defendant Post-Conviction Rule 61(I)(5) Motion and allow defendant to 'REARGUE' his claims and/or Rehear Claims under Rule 18 Motion for Rehearing En Banc"[1] ("Motion"), and the record in this case, it appears to the Court that:

1.     On October 21, 2016, the Court issued its corrected Order ("Order") resolving all issues related to Washington's postconviction relief motion. The Court affirmed the Commissioner's Findings of Fact and Recommendation,[2] denied Washington's Amended Motion for Postconviction Relief and Supplemental Claims,[3] and granted his attorney's Motion to Withdraw as Counsel.[4] Washington filed the Motion, which the Court treats as a motion for reargument,[5] on December 7, 2016.[6] The Motion is untimely, inasmuch as it was filed more than five days after the Order.[7]

2.     Further, it appears that this matter currently may be on appeal to the

---

[1] D.I. 156.
[2] D.I. 148.
[3] D.I. 149.
[4] D.I. 150.
[5] The Motion's reference in its caption to a rehearing *en banc* under Rule 18 appears to refer to Delaware Supreme Court Rule 18.
[6] D.I. 156.
[7] Super. Ct. Civ. R. 59(e).

Delaware Supreme Court.[8] To the extent this matter is before the Supreme Court, this Court lacks jurisdiction to hear additional motions.

**THEREFORE,** to the extent this Court has jurisdiction to hear the Motion, it is **DENIED** as untimely. To the extent the matter is before the Delaware Supreme Court, the Motion is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services Office

---

[8] *Michael Washington v. State of Delaware,* No. 537, 2016. It is unclear exactly what Washington is appealing. Unbeknownst to the Court, Washington filed a Notice of Appeal in the Delaware Supreme Court after the Commissioner issued his Findings of Fact and Recommendation and after he sought review of the Commissioner's ruling in this court, but before the Court issued its Order. His opening brief on appeal purports to challenge both the Commissioner's decision and this Court's Order.